UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NEVEL PROPERTIES CORP. ) | No. 12cv1009 |
| ) | |
| Debtor and Debtor in Possession ) | ORDER |
| ) | |
| ) | |

This matter is before the court on an appeal from a decision of the US Bankruptcy Court for the Northern District of Iowa. The briefing schedule concluded on May 19, 2012. Affirmed.

On February 17, 2012, the Bankruptcy Court[1] issued an order denying objections of Agri Star Meat and Poultry, LLC (Agri Star) and SHF Industries, LLC n/k/a SHF Holdings (SHF Holdings), collectively SHF, to confirmation of the Third Modified Chapter 11 Plan of debtor Nevel Properties Corporation (Nevel). That order is the subject of the instant appeal.

On April 11, 2005, Agriprocessors, Inc. (Agriprocessors) and Nevel entered into a "Deep Water Well Lease – Water Line and Access Easement" (Well Lease), wherein Nevel leased undeveloped land to Agriprocessors and provided certain easements, and Agriprocessors built a well thereon. The Well Lease provided Agriprocessors the use of property for a term of 50 years for rent of $10,000 per year, and further provided certain accompanying non-exclusive easements during the term of the property lease for a single additional price. On November 4, 2008,

---

1. The Honorable Thad J. Collins, Chief US Bankruptcy Judge.

Agriprocessors filed a Chapter 11 bankruptcy petition, which was eventually converted to a Chapter 7 bankruptcy proceeding. In the Chapter 7 proceeding, SHF purchased virtually all of Agriprocessor's assets. At all relevant times Nevel owned the property where the well is located.

On March 2, 2009, Nevel filed its own Chapter 11 bankruptcy case, and filed a Plan for Reorganization (Plan) to which SHF, as an interested party, filed objections. As noted, the Bankruptcy Court overruled SHF's objections, leading to the instant appeal.

The gravamen of this action is the dispute over property that is the subject of the Well Lease. The background of this matter is more fully set forth in the Bankruptcy Court's order of February 17, 2012, and requires no further elaboration here. The court has jurisdiction pursuant to 28 USC §158(a)(1). The court reviews the Bankruptcy Court's findings of fact for clear error, and its conclusions of law de novo. In re SRC Holding Corp., 545 F3d 661, 666 (8th Cir. 2008).

SHF raises the following issues in this appeal:

1. Whether the Bankruptcy Court erred in holding that the Well Lease and Easement did not convey an easement and was "deemed rejected" under 11 USC §365(d)(4),

2. Whether the Bankruptcy Court erred as a matter of law in concluding that the doctrine of waiver is not available to prevent lease forfeiture under 11 USC §365,

3. Whether the Bankruptcy Court's decision was clearly erroneous in finding that SHF did not purchase the Well Easement Area as part of its purchase of Agriprocessors' assets, and

4. Whether the Bankruptcy Court erred as a matter of law in holding that SHF is not entitled to remain in possession of the Well Property under 11 USC §365(h).

In support of the first ground above, SHF contends that the Well Easement Area is a separate parcel and was conveyed separately from the Well Lease Area, that 11 USC §365(d)(4) is not applicable because the Well Lease conveys an easement and was not a "bona fide" lease, and that because the parties to the Well Lease and Agreement were "insiders," the Bankruptcy Court should have given closer scrutiny to Nevel's arguments. SHF argues that this court should reverse the Bankruptcy Court's holding, and find that SHF purchased the Well Lease property rights from the Agriprocessors bankruptcy estate.

11 USC §365(a) provides:

Except as provided [elsewhere], the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 USC §365(d)(4) provides in part:

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of
    (i) The date that is 120 days after the date of the order for relief, or
    (ii) The date of the entry of an order confirming the plan.

3

As noted by the Bankruptcy Court, the procedures for accepting or rejecting an unexpired lease are set forth in detail in 11 USC §365(d)(4), and if not assumed or rejected within 120 days of the order for relief (as is undisputed here), an unexpired lease is deemed rejected.

While SHF asserts that the well easement area is a separate parcel and was conveyed separately from the well lease area, and is therefore outside the operation of 11 USC §365, the transactions were not separate transactions, but rather were all part of the Well Lease, where lessor Nevel conveyed certain interests to lessee Agriprocessors. See Well Lease, docket #4, SHF brief, App. Part. II, pp. 297-308. As to SHF's assertion that the Well Lease conveys an easement and is therefore not a bona fide lease, this contention is largely based on the assertion that the Bankruptcy Court erred in its consideration of the similarity between temporary easements and leases, the fact of a one-time payment rather than continuing periodic rental required for the easements conveyed by the Well Lease, and the length of duration of the easements. It is the court's view that SHF's assertions do not take into consideration the Bankruptcy Court's review of the full economic substance of the transaction. The access easements do not exist independently in isolation from the leased premises. As observed by the Bankruptcy Court, the Well Lease provided for lease of the premises for periodic and continuing rent, in addition to the temporary non-exclusive easements that were granted as part of the Well Lease to permit access to the leased premises, with the easements subject to termination upon the

termination of the Well Lease. Moreover, on this record, it is the court's view that neither the duration of the Well Lease, nor treatment of property taxes thereunder (commonly paid by commercial tenants in single, double, and triple net leases), undermines the Bankruptcy Court's finding, as urged by SHF. See International Trade Admin. V. Rensselaer Polytechnic Institute, 936 F2d 744, 749 (2nd Cir. 1991) (unusually long term does not automatically signal an agreement is not a true lease). Finally, the court finds no merit in SHF's assertion that the Bankruptcy Court failed to give appropriate scrutiny to Nevel's arguments. While SHF urges that two Rubashkin family members who separately executed the Well Lease on behalf of Agriprocessors and Nevel should be considered "insiders" and subject to closer scrutiny, the Bankruptcy Court was fully aware of the nature of the familial and corporate relationships, including the lack of formality and distinction maintained by Agriprocessors and Nevel. The Bankruptcy Court afforded thorough and appropriate scrutiny, including consideration and rejection of the assertion that Nevel consistently took actions which contradicted its position taken before the Bankruptcy Court, as well as an assertion regarding personal benefit to be gained under the Plan by one of the Rubashkin family members.

For the reasons and authorities set forth by the Bankruptcy Court at pp. 20-22 of its order of February 17, 2012, including but not limited to its consideration of the temporary nature of the easements that run in lockstep with the leased property, see Well Lease, docket #4, SHF brief, App. Part. II, pp. 297-308, para. 8, 10, the court is satisfied that the Bankruptcy Court did not err in finding the totality

of the substance of this economic transaction, i.e., "the totality of the arrangement" under the Well Lease, to be an "unexpired lease" within the meaning of 11 USC §365.

SHF next urges that Nevel waived any "deemed rejection" of the Well Lease, and that the Bankruptcy Court erred in finding the doctrines of waiver and estoppel inapplicable. In support, SHF urges that the doctrines of waiver and estoppel are available to prevent lease forfeitures under 11 USC §365(d)(4), and that Nevel waived the "deemed rejection" of the Well Lease. SHF's assertions are based upon its contention that Nevel took actions inconsistent with its position that the Well Lease had been rejected, including permitting SHF to remain in possession of the property and use the well, while not seeking payment from SHF for use of the property. Additionally, SHF asserts that after Nevel changed locks on the building housing the well, Nevel provided keys to SHF, and that Nevel did not take steps to operate the well, rather, permitting SHF to do so.

While SHF appears to assert that the Bankruptcy Court found the doctrine of waiver unavailable to avoid application of 11 USC §365(d)(4), the court does not share SHF's reading of the Bankruptcy Court's decision. The Bankruptcy Court did not find waiver unavailable under 11 USC §365(d)(4), rather, it considered and rejected the grounds raised by SHF in support of its waiver argument, including Nevel's claimed acquiescence in SHF's continuing possession and use of the well, and failure to invoice SHF for rent. In so doing, the Bankruptcy Court noted circumstances where "deemed rejection" was not found to be waived by either a

landlord's continuing acceptance of rental payments following "deemed rejection," nor by permitting the debtor to remain on land following a "deemed rejection." For the reasons and authorities set forth at pp. 29-30 of the Bankruptcy Court's order of February 17, 2012, the court finds no error in the Bankruptcy Court's rejection of SHF's assertion that Nevel waived any "deemed rejection" of the Well Lease.

Turning to SHF's contention that the Bankruptcy Court erred in finding it did not purchase the Well Easement Area as part of its purchase of Agriprocessor's assets, this argument appears to be again premised upon the assertion that the Well Lease was not "deemed rejected" by operation of law, that the parties intended the Well Lease to be conveyed to SHF by the sale order as an important part of the business operations of the Agriprocessor facility, and subject to a "dragnet" clause that swept all assets related to the Agriprocessor business into the sale of assets to SHF.

As previously noted, it is the court's view that the Bankruptcy Court did not err in finding the Well Lease was "deemed rejected." In considering the above argument, the Bankruptcy Court properly observed that the procedures for accepting or rejecting an unexpired lease are spelled out in detail in 11 USC §365(d)(4), and that the assumption of an unexpired lease must be accompanied by court approval and prior notice to creditors. Likewise, the Bankruptcy Court properly observed that assumption is allowed only if any default in rent payments is cured, and it is undisputed here that no rent has been paid and there has been no cure. For the reasons detailed in its discussion at pp. 22-25 of its order of

February 17, 2012, the court is satisfied the Bankruptcy Court did not err in finding the lease rejected by operation of 11 USC §365(d)(4).

Finally, SHF asserts that Nevel may not dispossess SHF of the area covered by the Well Lease due to the application of 11 USC §365(h). In support, SHF again urges Nevel waived its right to enforce the "deemed rejection" of the leasehold interest under 11 USC §365(d)(4). Accordingly, SHF asserts that it still retains rights as a lessee of the property, and consequently, 11 USC § 365(h) is applicable and prevents Nevel from dispossessing SHF of the Well Property.

As observed by the Bankruptcy Court, "§365(h) applies only to lessees. SHF is not a lessee because the Agriprocessors Bankruptcy Trustee did not sell or assign the Lease interest to SHF because it had no lease to sell. The lease was already deemed rejected." For the reasons set forth at pp. 26-27 of its order of February 17, 2012, the court is satisfied that the Bankruptcy Court did not err in so finding.

Upon the foregoing and in light of the applicable standards, the thorough order of the Bankruptcy Court shall be affirmed.

It is therefore

ORDERED

Affirmed.

December 17, 2012.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT